IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN WILSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| CITY OF ATLANTA, GEORGIA and | ) | JURY TRIAL DEMANDED |
| OMARI PRICE, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

COMES NOW Plaintiff Kevin Wilson ("Plaintiff" or "Wilson") and files this *Complaint*, as follows:

### <u>Introduction</u>

1.      This action arises from the wrongful acts of City of Atlanta police officer Omari Price who, while acting under color of state law, used grossly excessive force against Wilson, without substantial justification, in violation of clearly established law, causing Wilson injury.

## Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, with supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

3.      Wilson has served the City with timely and proper ante litem notice and has met all prerequisites to file suit.

4.      Venue is proper in this Court because the Defendants reside within this district and division, and because the events giving rise to this case occurred herein.

## Parties

5.      Wilson is a resident of Macon, Georgia, where he serves as a firefighter.

6.      Defendant City of Atlanta ("City") is a municipal corporation capable of suing and being sued, organized and operated by authority of the Georgia Constitution. The City is liable for the wrongful actions of its officers to the extent that it is insured against claims for damages arising from such actions, and to the extent to which its customs and policies were the driving force behind said actions. The City may be served with the summons and complaint by personal service upon its Mayor, Kasim Reed, or his designee, at his office, which is located at 55 Trinity Avenue, Suite 2500, Atlanta, Georgia 30303.

7.     Defendant Omari Price ("Price") is a resident of Fulton County, Georgia subject to the personal jurisdiction of this Court. Price may be served with the summons and complaint at his home, which is located at 5204 Crest Ridge Drive, Atlanta, Georgia 30344-8100.

## Facts

8.     On April 22, 2011, City of Atlanta Police Officer Simone Thomas ("Thomas") arrested Wilson on a charge of simple battery.  (After the events giving rise to this Complaint occurred, those charges were dismissed in full.)

9.     Thomas transported Wilson to the City of Atlanta's Zone 4 Precinct, which is located at 1125 Cascade Circle Southwest, Atlanta, GA 30311.

10.     Thomas brought Wilson into a small copy room and left him alone with Defendant Price. Thomas instructed Wilson to sit down in a chair in the room with Price, to which Wilson complied.

11.     While sitting in the room with Price, Wilson rose calmly and slowly and moved toward a trash can, in order to spit into the trash can.

12.     As Wilson was walking back toward his chair, Price ordered him to sit down. Wilson complied, and sat in the chair. Wilson still had his hands cuffed behind his back.

13.     While Wilson was seated, Price attacked him. Price picked Wilson up and drove Wilson's body and head into a copy machine, causing Wilson's scalp to split open.

14.     Price then placed his forearm onto Wilson's throat and forced him to the ground. Price drove his forearm and elbow into Wilson's throat, choking him.

15.     Hearing the commotion, another officer came into the room, where he found the two men on the ground. Wilson was placed into leg shackles by the two officers.

16.     Price's actions caused Wilson significant pain, suffering, and physical injury, including a one-inch scalp laceration which required two staples in his head and multiple abrasions to the arm, face, and knee.

17.     The amount of force used by Price was clearly disproportionate to any legitimate need for the use of force. At the time of the attack, Wilson was seated, handcuffed behind his back, calm, and exhibiting no indications of flight, resistance, or threat to any persons or property.

18.     Price's actions caused Wilson additional injuries, including emotional distress.

## Substantive Claims

### Count I – Excessive Force

19.     The Fourth Amendment to the United States Constitution forbids the use of excessive force in carrying out the arrest or detention of an individual.

20.     Citizens may bring a private right of action, pursuant to 42 U.S.C. § 1983, against any person who, acting under color of state law, violates a clearly established constitutional right.

21.     Price, by slamming Wilson against a copy machine and forcing Wilson to the ground by pressing his forearm and elbow into Wilson's throat, employed excessive force against Wilson.

22.     Wilson is entitled to recover all damages proximately caused by Price's use of excessive force.

23.     Upon information and belief, the City's custom or policy of failing to properly train Price and others similarly situated in the proper use of force was the driving force behind the violation. Therefore, the City is liable under 42 U.S.C. § 1983.

### Count II – Assault and Battery

24.     Such use of excessive force is also actionable by the Georgia constitution and by state tort laws prohibiting assault and battery. Porter v. Massarelli, 303 Ga.App. 91, 95 (2010).

25.     Price is individually liable for his violations of state law, pursuant to O.C.G.A. § 36-3-4.

26.     The City is liable for these violations to the extent that it is insured against such claims.

### Count III – Negligence

27.     In the alternative, Price exhibited negligence is using an amount of force disproportionate to the need for any such force against Wilson.

28.     The City is liable for Price's negligence to the extent that it is insured against such claims.

**WHEREFORE**, Plaintiff prays for the following relief:

(1)     A trial by jury;

(2)     Damages for all injuries proximately caused by the violation of his constitutional rights, including economic and compensatory damages;

(3)     Punitive damages in an amount to be determined by the enlightened conscience of the jury due to the intentional and/or recklessly indifferent nature of the Defendants' conduct;

(4)     Attorneys' fees and costs;

(5)     All other relief that this Court deems just and proper.

Respectfully submitted, this March 29, 2013.


/s/ James Radford
James Radford
Georgia Bar No. 108007


James Radford, LLC
545 N. McDonough St.
Suite 212
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com


/s/ Andrew R. Lynch
Andrew R. Lynch
Georgia Bar No. 120333


Andrew R. Lynch, P.C.
150 E. Ponce De Leon Ave.
Suite 225
Decatur, Georgia 30030
(404) 373-7735
andrew@atlnotguilty.com


*Counsel for Plaintiff*