FILED IN CHAMBERS
U.S.D.C. - Rome
FEB 26 2014
JAMES N. HATTEN, Clerk
        Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN WILSON,

      Plaintiff,

v.

OMARI PRICE and CITY OF ATLANTA,

      Defendants.

CIVIL ACTION

NO. 1:13-CV-1034-RLV

O R D E R

In this action, the plaintiff, Kevin Wilson, brings claims against defendant City of Atlanta and defendant Omari Price for excessive force, assault and battery, and negligence. This matter is before the court on the defendants' motion for summary judgment [Doc. No. 22].

## I. Background

The plaintiff was arrested without incident after an altercation with an ex-girlfriend. While at the police station in handcuffs, the plaintiff was held in a chair for twenty minutes and then moved into a room where defendant Price could watch him. Defendant Price claims there are two exits to this room, while the plaintiff claims there is only one. Also in the room was a wastebasket, a copy machine, and the chair where the plaintiff sat.

According to defendant Price, without asking permission, the plaintiff stood up from his chair and walked towards the exit and away from defendant Price. The plaintiff claims he only stood up to spit into the trash can. Defendant Price says he thought the plaintiff was attempting to escape and that he repeatedly ordered the plaintiff to return to his seat. The plaintiff denies he was ever ordered to sit back down and says he returned to his seat voluntarily.

According to defendant Price, after the plaintiff returned to his seat, defendant Price attempted to lift the plaintiff from his seat, at which point both parties fell and the plaintiff struck his head on the copy machine. Defendant Price landed on top of the plaintiff and placed his forearm on the plaintiff's neck. The plaintiff denies that the two men fell but rather claims that he was slung into the copy machine and then tackled by defendant Price. After this, other officers arrived and placed the plaintiff in leg shackles. The plaintiff sustained injuries requiring medical attention, including a head laceration.

## II. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleading, the discovery and disclosure materials on file, and any affidavits show that there is

2

no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine issue of material fact 'exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party.'" Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1336 (11th Cir. 1999)(quoting Steward v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1284-85 (11th Cir. 1997)). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(quoting Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995)).

### III. Legal Analysis

For the reasons set forth below, the court grants in part and denies in part the motion for summary judgment filed by the defendants. Here, there are both state and federal claims, which the court will handle separately.

**A. Federal Claims**

### 1. City of Atlanta

"Where a Plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation

3

must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 405 (1997). Additionally, municipalities cannot be held liable under respondeat superior but can only be held liable if injuries are inflicted pursuant to an official policy or custom of the municipality. Monell v. Dep't of Soc. Serv. of N.Y.C., 436 U.S. 694 (1978).

Here, the plaintiff does not dispute that defendant Price's actions were not a policy or custom of Fulton County and does not oppose defendant City of Atlanta's motion for summary judgment on the federal claim. Therefore, defendant City of Atlanta's motion for summary judgment on count one is granted.

### 2. Defendant Price

"All claims that law enforcement officers have used excessive force in the course of an arrest . . . are analyzed under the Fourth Amendment's reasonableness standard." Graham v. Connor, 490 U.S. 386, 395 (1989). Whether the force is reasonable hinges on the facts and circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The "reasonableness" of the use of force must be

4

judged from the perspective of a reasonable officer on the scene. Id.

The Eleventh Circuit Court of Appeals has interpreted the Supreme Court's language in Graham as requiring the balancing of three factors to determine whether the force applied was reasonable. Draper v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir. 2004). These factors include: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, and (3) the extent of the injury inflicted. Id.

In the instant case, the plaintiff claims that he stood up, walked a few steps, spit in the trash can, and returned to his seat without any discouragement from defendant Price. On the other hand, defendant Price states that he believed the plaintiff was attempting to escape and he told the plaintiff to return to his seat multiple times. The two stories continue to diverge after the plaintiff returned to his seat. Defendant Price states he helped the plaintiff out of his seat, the two men lost their balance, resulting in a fall that led to the plaintiff hitting his head on the copy machine. The plaintiff's version is that instead of losing his balance and falling into the copy machine, he was slung by defendant Price and then tackled to the ground.

In a motion for summary judgment, it is inappropriate for the court to make a credibility determination on which version of facts is more believable. Instead, this court must view the facts in the most favorable light to the non-moving party. According to the plaintiff, he was sitting in a chair, had previously demonstrated that he could rise on his own, was lifted out of his seat, and then slung into a copy machine. The court believes a reasonable jury could find that these actions constitute excessive force if the jury were to believe the plaintiff's version of the facts. As the plaintiff correctly notes on page 7 of his response brief, an officer's subjective belief that a person in custody is dangerous or may flee is not sufficient under the Eleventh Circuit's objective reasonableness standard to warrant the use of force. See generally Hadley v. Gutuerrerz, 526 F.3d 1324, 1330 (11th Cir. 2008).

Defendant Price argues that the doctrine of qualified immunity bars the plaintiff's claim of excessive force. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d

6

1340, 1346 (11th Cir. 2002)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

To receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful actions occurred." Id. Based on the plaintiff's allegation, defendant Price was holding the plaintiff within the scope of his discretionary authority as a police officer.

Next, the court must look at whether the allegations establish a constitutional violation and whether the rights were clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); see also Pearson v. Callahan, 555 U.S. 223, 236 (2009)(reversing Saucier to the extent it required the two-step analysis in that order in every case). In the context of qualified immunity analysis, the question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer. Vinyard, 311 F.3d at 1347.

In the instant case, the court has already concluded that the plaintiff's allegations and evidence could support a violation of the Fourth Amendment's prohibition against the use of excessive force. Further, the court believes a reasonable jury could find that a reasonable law enforcement officer would not believe the level of force defendant Price used in this situation was

7

necessary. Because the plaintiff could establish a violation of his Fourth Amendment rights, based on his version of the facts, the court will now move to the second step of the qualified immunity inquiry.

The next step of the inquiry is to determine whether the rights at issue were "clearly established." Id. at 1349. This notice can be given in three ways. Id. at 1350-53. First, the words of the federal statute or constitutional provision may in themselves be specific enough to establish clearly the law applicable to particular conduct and circumstances to overcome qualified immunity, even in the total absence of case law. Id. at 1350. Second, preexisting case law may serve to provide fair notice. Id. at 1351. For qualified immunity analysis, identical factual scenarios are not required to establish the law. Id. at 1351. Third, in the absence of case law with a broad holding sufficient to provide fair notice, fact specific precedents may serve to clearly establish the law arising out of materially similar factual circumstances. Id. at 1351-52.

The preexisting case law is sufficient for defendant Price to know that using unjustified force on a restrained non-aggressive person is considered excessive force. See Runge v. Snow, 514 Fed. App'x 891 (11th Cir. 2013)(holding the gratuitous use of force

when a criminal suspect is detained and not resisting arrest constitutes excessive force); Hilger v. Velazquez, 463 Fed. App'x 847 (11th Cir. 2012)(finding officers were not entitled to qualified immunity when they slammed a handcuffed woman against a wall and then continued to cause her harm once she fell to the floor); Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002)(holding police used excessive force when an already handcuffed woman was slammed against her car).

In his briefs, the plaintiff placed great emphasis on Hadley. The court concludes that his reliance on Hadley is well placed. Like in Hadley, the plaintiff here alleges that he was "handcuffed and not struggling or resisting" when he was "grabbed" and "slung" by defendant Price for no reason. On page 11 of his response brief, the plaintiff argues that the forced allegedly used against him was more egregious than the force used by the officer in Hadley. Again, the court agrees with the plaintiff. Here, the plaintiff alleges that he was handcuffed and seated in an Atlanta police holding room, where he was clearly under the control of the police at the time he was injured, whereas the plaintiff in Hadley was in the public, where he arguably posed a greater risk of flight or of injury to the officers or some third party. And, like

9

Hadley, the plaintiff testified that he was injured at a time when he was under the control of the police.

Given the above analysis, the court concludes that defendant Price is not entitled to qualified immunity and the court denies summary judgment for defendant Price on count one.

**B. State Law Claims**

The plaintiff brings the state-law claims of assault and battery and negligence against defendants Price and the City of Atlanta. Defendant City of Atlanta has raised sovereign immunity and defendant Price has raised official immunity. The court will handle these arguments first because a finding in favor of either immunity will bar that defendant from any state-law claims.

### 1. City of Atlanta

Defendant City of Atlanta may only be liable for the wrongful acts of its employees to the extent it has waived its sovereign immunity by purchasing liability insurance. Ga. Code Ann. § 36-33-1. In the instant case, defendant City of Atlanta responded to interrogatories requesting insurance policies by stating that "there are no responsive documents." Without a policy waiving its sovereign immunity, defendant City of Atlanta cannot be held liable. Therefore, the court grants summary judgment for defendant City of Atlanta on counts two and three.

## 2. Defendant Price

Georgia Constitution Article IX, Section II, Paragraph IX "declares [the local government officer] may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." GA CONST. art., 1 § II, ¶ IX(d). As interpreted, the constitution "provides no immunity for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or an intent to injure." Gilbert v. Richardson, 452 S.E.2d 476, 483 (Ga. 1994).

A discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Teston v. Collins, 459 S.E.2d 452 (Ga. Ct. App. 1995)(citing Jocye v. Van Ardsdale, 395 S.E.2d 275 (Ga. Ct. App. 1990)). A ministerial act is "one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Id. Here, as discussed above, the court concludes that defendant

11

Price's acts were discretionary, thereby holding his actions to an actual malice standard.

In the context of official immunity, "actual malice" means a deliberate intent to do wrong. Merrow v. Hawkins, 467 S.E.2d 336 (Ga. Ct. App. 1996). "Such act may be accomplished with or without ill will and whether or not injury was intended." Id. In the instant case, giving weight to the plaintiff's version of events, the court finds that defendant Price's actions of screaming at the plaintiff, slinging him into a copier, and holding him on the ground could constitute actual malice.

The tort of assault and battery is defined as an act of physical violence, inflicted on the person of another, which is not necessary, is not privileged and which constitutes harmful or offensive contact.. See generally Henricks v. S. Bell Tel. & Tel. Co., 387 S.E.2d 593 (Ga. Ct. App. 1989). Additionally, any unlawful touch of a person's body may constitute a physical injury because it violates a personal right of the touched. Id. The facts, as presented by the plaintiff, could lead a reasonable jury to believe that defendant Price maliciously lifted the plaintiff out of his chair and that he intended harm to the plaintiff by slinging him against the copy machine. Therefore, the court denies summary judgment for defendant Price on count two.

"Under Georgia law, a police officer may be personally liable only for discretionary acts performed with malice or an intent to injure." <u>Campbell v. Goode</u>, 695 S.E.2d 44, 45 (Ga. Ct. App. 2010). As discussed above, the court believes defendant Price's actions at issue here are discretionary, not ministerial, and therefore require malice or intent to injure to waive immunity. Because negligent acts are inherently unintentional, the court grants summary judgment to defendant Price on count three.

## IV. Conclusion

For the reasons set forth above, the court GRANTS IN PART and DENIES IN PART the defendants' motion for summary judgment [Doc. No. 22]. Therefore, the court DISMISSES all counts against defendant City of Atlanta and count three against defendant Price.

SO ORDERED, this 26th day of February, 2014.

_____
ROBERT L. VINING, JR.
Senior United States District Judge

13